UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. BARR, | ) | CASE NO. 1:26-cv-00202 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN OHIO RECOVERY | ) | **OPINION AND ORDER** |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Robert D. Barr's Motion for Leave to File First Amended Complaint, *Instanter*. (Doc. 9.)  Defendant Northern Ohio Recovery Association opposed the motion (Doc. 12), and Plaintiff replied (Doc. 13).  For the reasons stated herein, Plaintiff's Motion for Leave to File First Amended Complaint, *Instanter* is GRANTED.

## I. BACKGROUND

On December 13, 2025, Plaintiff Robert D. Barr ("Plaintiff" or "Barr") filed this action in the Cuyahoga County Court of Common Pleas.  (Doc. 1.)  On January 26, 2026, Defendant Northern Ohio Recovery Association ("NORA") removed this action to this Court.  (*Id.*)  This is a refiled action of *Barr v. Northern Ohio Recovery Association*, No. 24-cv-01931.  (*Id.* at ¶ 1.) On October 29, 2025, the parties dismissed the original action without prejudice.  (*Id.*)

Plaintiff Robert D. Barr ("Plaintiff" or "Barr") is the Chapter 7 Bankruptcy Trustee of Kristyn Thompson and asserts claims on her behalf.  (Doc. 1-1 at 7.)[1]  Thompson is a former NORA employee.  (*Id.* at ¶ 23.)  The Complaint asserts the following causes of action against Defendants NORA, Anita Bradley, and Bianca Griffin (collectively "Defendants"): Count I,

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Unlawful Race Discrimination in Violation of O.R.C. § 4112.02 (against NORA only); Count II, Unlawful Pregnancy Discrimination in Violation of O.R.C. § 4112.02 (against NORA only); Count III, Unlawful Aiding, Abetting, Compelling, and Inciting of Discrimination in Violation of O.R.C. § 4112.02(J) (against Bradley and Griffin only); Count IV, Wrongful Termination in Violation of Public Policy (against NORA only); Count V, FMLA Interference and Retaliation in Violation of 29 U.S.C. § 2615 (against all Defendants).  (*Id.* at ¶¶ 69-122.)

On March 16, 2026, the Court held its Case Management Conference and established deadlines.  (Doc. 8.)  The Court adopted the parties' proposed deadline of March 24, 2026, for amended pleadings without leave of Court.  (*See id.* at 123; Doc. 6 at 114; Doc. 7 at 120.)

On March 17, 2026, Barr moved for leave to file his Amended Complaint.  (Doc. 9.)  He attached the proposed Amended Complaint to the motion.  (Doc. 9-1.)  It includes new allegations regarding the voluntary dismissal of the original lawsuit and new allegations related to Thompson's request for FMLA leave and subsequent termination.  (*Id.* at ¶¶ 22-27, ¶¶ 74-116.)  The Amended Complaint did not add new claims or parties.  (*Compare* Doc. 1-1 at ¶¶ 69-122, *with* Doc. 9-1 at ¶¶ 123-77.)

On March 31, 2026, NORA opposed the motion (Doc. 12), and Barr replied (Doc. 13.)

## II.      LAW AND ANALYSIS

### A.      Rule 15(a) Standard

Under Federal Rule of Civil Procedure Rule 15(a), leave to file an amended complaint should be "freely" given "when justice so requires."  FED. R. CIV. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S.

178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

    **B.**    **Futility**

    A proposed amendment is futile unless it can survive a motion to dismiss under Rule 12(b)(6).  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  "Unless an amendment is plainly futile, arguments regarding the legal sufficiency of the claim 'are better addressed in the context of a motion to dismiss the amended complaint' rather than a denial of leave to amend the complaint.  *Rugged Cross Hunting Blinds, LLC v. DBR Fin., Inc.*, No. 23-CV-02231, 2024 U.S. Dist. LEXIS 28160, 2024 WL 688755, at *4 (N.D. Ohio Feb. 20, 2024) (quoting *Stuckey v. Online Res. Corp.*, No. 08-cv-1188, 2010 U.S. Dist. LEXIS 154245, 2010 WL 11565402, at *2 (S.D. Ohio Nov. 1, 2020) (citing 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1487 (3d ed. 2010))).

    NORA argues the amendments are futile because the Ohio Savings Statute can be used by a party only once.  (Doc. 12 at 172-73, 175, 177.)  Plaintiff's claims relate to Thompson's October 3, 2023 termination.  (*Id.* at 173.)  Her claims under O.R.C. § 4112.02 and the FMLA have a two-year statute of limitation.  (*Id.*)  The parties voluntarily dismissed the original action on October 29, 2025.  Under the Ohio Savings Statute, O.R.C. § 2305.19(A), a plaintiff can refile a case within one year of a voluntary dismissal even if the statute of limitations has expired.  Plaintiff already used the Ohio Savings Statute when it refiled this action on December 13, 2025.  (Doc. 12 at 175.)  Paragraphs 74-116 of the proposed Amended Complaint are time-barred and futile, NORA urges.  (*Id.*)

    Barr responds that he utilized the Ohio Savings Statute only once when he refiled this action.  (Doc. 13 at 179.)  Once refiled, under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment relates back to the date of the original pleading when it asserts a claim arising out of

the same conduct, transaction, or occurrence set out in the original pleading.  (*Id.*)  To Barr, the amendment simply adds factual detail to the same FMLA and O.R.C. § 4112.02 claims pled in the original complaint.  (*Id.* at 179-80.)

Where the proposed amendments are not so obviously futile, and where the party opposing amendment may challenge the sufficiency of the proposed allegations and claims pursuant to Rule 12, the Court should—as it does here—permit amendment.

### C.    Delay and Prejudice

"'[D]elay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced.'"  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986) (delay alone is not enough when defendant will face only "relatively light" prejudice)); *see also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) ("Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors[.]") (quotations and citations omitted).  To determine prejudice, "the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

The proposed Amended Complaint seeks to add 42 new paragraphs about alleged FMLA interference, employee comparators, retaliation, Defendants' treatment of other pregnant employees, and pretext.  (Doc. 12 at 176 (citing Doc. 9-1 at ¶¶ 74-116.))  Requiring the parties to conduct new discovery on these allegations will delay the proceedings and prejudice Defendants, NORA argues.  (*Id.*)

Barr asserts filing the motion for leave a full week before the deadline to amend does not constitute delay.  (Doc. 13 at 180.)  And there is no prejudice to Defendants because the amendment adds no new claims, Defendants are already in possession of the proposed Amended Complaint, and there is sufficient time remaining in the discovery period, Barr urges.  (*Id.*)

Here, the parties proposed, and the Court adopted, March 24, 2026, as the deadline to amend the pleadings.  (Doc. 6 at 114; Doc. 7 at 120; Doc. 8 at 123.)  Plaintiff moved for leave to amend a week before the deadline expired.  (Doc. 9.)  The new allegations in the proposed Amended Complaint do not add any new claims.  (*Compare* Doc. 1-1 at ¶¶ 69-122, *with* Doc. 9-1 at ¶¶ 123-77.)  There is sufficient time to conduct discovery on the additional allegations in advance of the July 13, 2026, fact discovery deadline.[2]  (*See* Doc. 8 at 123.)  NORA has not established undue delay or prejudice.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Leave to File First Amended Complaint, *Instanter* (Doc. 9) is GRANTED.  Plaintiff's First Amended Complaint (Doc. 9-1) is deemed filed as of this date.

**IT IS SO ORDERED.**

**Date:**  April 29, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[2] The parties' dispute over whether discovery has already commenced does not alter this analysis.  (*See* Doc. 12 at 176 n.4; Doc. 13 at 180.)